UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
**KEVIN RAZZOLI**,                                                  :
                                                                    :
                    Plaintiff,                                      :
                                                                    :   **MEMORANDUM AND ORDER**
            – against –                                             :
                                                                    :   22-CV-7204 (AMD) (LB)
**USDA**,                                                           :
                                                                    :
                    Defendant.                                      :
                                                                    :
------------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff, proceeding *pro se*, asks this Court to review the U.S. Department of Agriculture's denial to reopen its previous decision, which ordered a company called Raz Trading to pay reparations under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et seq*. The plaintiff also claims that public safety officers working at the Hunts Point Terminal Market in the Bronx improperly stopped him from entering the market. Because this Court lacks jurisdiction to hear these claims, they are dismissed.

## BACKGROUND

      On November 28, 2022, the plaintiff filed a "Complaint against USDA." (ECF No. 1 (capitalization altered).) The 2-page filing challenges the Department's denial of the plaintiff's application to reopen a default order in PACA Docket No. R-2021-0770, which, in turn, required Raz Trading to pay Field Fresh Farms $2,227.10 as reparation for an unpaid balance on a sales order, along with interest and an additional payment of $500. (*Id.* at 1, 4–6.) In the same filing, the plaintiff contends that he was "denied entry into Hunts Point Terminal Mkt. which is [a] blatant violation of PACA law codified in 7 USC 499a et seq. & *Koam Produce v. DiMare of Homestead*, 01 Civ 2494 (2001/SDNY) & *US v. Aiyers* 20-cr-3594 (2nd.Cir.2022)" as well as

the "Civil Rico Act." (*Id.* at 1, 2 (cleaned up).) The plaintiff claims that Hunts Point public safety officers physically stopped him from coming into the market. (*Id.* at 2.) He does not specify when the confrontation occurred, but he attaches documents describing various incidents in March of 2010, June of 2016 and July of 2021. (*Id.* at 8, 14, 15.)

On December 15, 2022, the plaintiff filed a "Brief in Support" of his "challenge to PACA Decision Pursuant to 7 USC 499a et seq." (ECF No. 7.) The brief raises three questions: (1) whether this Court has jurisdiction over this matter; (2) whether the Department "violate[d] congressional intent of PAC[A] laws"; and (3) whether the Department "compl[ied] with 5 USC 552a (g)(1)(c)(g)(4) which contains mand[a]tory language to be followed by agency prior to making a decision adverse that would deny a person to earn wages." (*Id.* at 4 (cleaned up).)

## DISCUSSION

In his filings, the plaintiff focuses on two videos that purportedly show Hunts Point officers preventing him from entering the market, an action he terms a "restraint of trade." (ECF No. 1 at 2 (capitalization altered).) The plaintiff appears to link these incidents to the Department's denial to reopen the reparations order, though it is unclear what relief he seeks. The plaintiff states: "Such ruling by defendants therefore conflict[s] with congressional law policies & intent outlined in 7 USC 499a et seq. 'Imped[i]ng a licensed member of PACA in the course of his duties' is in direct violation of 'congressional intent' that is seen on '2 videos' provided to defendants USDA & Field Fresh Farms LLC …… !" (*Id.* at 2 (cleaned up).) The plaintiff also faults the Department for "fail[ing] to fully investigate via outside source prior to ruling to deny Kevin Razzoli his right to earn wages." (ECF No. 7 at 6 (cleaned up).)

To the extent the plaintiff appeals the PACA order, this Court does not have jurisdiction to review such a claim. Because the plaintiff proceeds *pro se*, however, I construe his pleadings

2

liberally to ensure they do not raise another meritorious claim. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). As explained below, they do not.

### I. PACA Order

PACA regulates buyers and sellers of perishable agricultural commodities. Congress vested the authority to resolve PACA complaints and order reparations in the Secretary of the Department of Agriculture. *See* 7 U.S.C. §§ 499e(b), 499f–g. A litigant unhappy with the administrative decision may appeal to a district court for the judicial district in which the administrative hearing was held. *Id.* § 499g(c). To receive judicial review, the litigant must file the notice of appeal and post a bond in double the amount of the reparation award within 30 days of the reparation order. *Id.* Those requirements are "jurisdictional," meaning the district court has no authority to review a PACA order if the litigant files in the wrong district, files after the 30-day deadline or does not post a bond. *Paganini v. U.S. Dep't of Agric. Sec'y of Agric.*, No. 12-CV-4615, 2012 WL 6822150, at *2 (S.D.N.Y. Dec. 10, 2012); *see also Alphas Co., Inc. v. William H. Kopke, Jr., Inc.*, 708 F.3d 33, 38 (1st Cir. 2013) (dismissing a PACA appeal for lack of subject matter jurisdiction because the plaintiff "did not file a proper bond within the prescribed period").

The Department denied reopening in Washington, DC, which is not within the jurisdiction of this Court. The plaintiff also did not post a bond. The plaintiff's appeal of the October 26th order is therefore dismissed for lack of subject matter jurisdiction. *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) (a district court may *sua sponte* dismiss a case when it determines it has no subject matter jurisdiction).[1]

---

[1] Review of the PACA claim is also improper because the plaintiff was not the respondent on the PACA Docket. That case was brought against Raz Trading, presumably a company the plaintiff owns. The plaintiff identifies himself as "Pro Se Counsel of Record." (ECF No. 1 at 3.) A non-attorney appearing *pro se*, however, may not represent another person or a corporation. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("because *pro se* means to appear for one's self, a person may not appear on

3

## II.     Hunts Point Terminal Market Confrontation

The plaintiff argues that the Department "violate[d] congressional intent of PAC[A] laws pursuant to 7 U.S.C. 499a et[] seq." and "fail[ed] to comply with 5 USC 552a(g)(1)(c)(g)(4)." (ECF No. 7 at 4 (cleaned up).)  This Court does not have subject matter jurisdiction to grant the plaintiff any relief based on those claims.  Generally, federal subject matter jurisdiction exists when a plaintiff presents a "federal question," 28 U.S.C. § 1331, or when the plaintiff and the defendants have diverse citizenship and the amount in controversy exceeds $75,000, *id.* § 1332.  Federal agencies, however "cannot be sued in diversity," because a federal agency is not a citizen of any state.  *E.g.*, *Baptichon v. United States Dep't of Educ.*, No. 20-CV-2400, 2020 WL 6565126, at *2 n.3 (E.D.N.Y. Nov. 9, 2020) (citation omitted).

That leaves the plaintiff with federal question jurisdiction, but he does not identify any federal questions.  The plaintiff cites PACA, the Racketeer Influenced and Corrupt Organizations Act, the New York Human Rights Laws and the Fifth, Sixth, Seventh and Fourteenth Amendments to the U.S. Constitution, but does not explain how those sources of law bear on his case, or identify any specific provisions in those laws.

The plaintiff also cites "5 USC 522a(g)(1)(c)(g)(4)."  (ECF No. 7 at 4.)  No such subsection exists.  Even if I construe the plaintiff's brief to invoke § 522a(g)(1)(C) and (g)(4), those subsections do not help him.  Section 522a(g)(1)(C) concerns an agency's "fail[ure] to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination."  5 U.S.C. § 522a(g)(1)(C).  Section 522a(g)(4) provides that in a "suit brought under the provisions of subsection (g)(1)(C)

---

another person's behalf in the other's cause"); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("a layperson may not represent a corporation").

4

. . . in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual." *Id.* § 522a(g)(4).

The plaintiff reasons that the Department is liable under these subsections because it "failed to fully investigate via outside source prior to ruling to deny Kevin Razzoli his right to earn wages." (ECF No. 7 at 6 (cleaned up).) First, § 522a(g)(1)(C) requires the Department to maintain records, not to do an independent investigation. Second, the plaintiff does not explain how any supposed failure to investigate his right to earn wages affected the Department's October 26th determination that he owes $2,227.10 as reparation for an unpaid balance on a sales order—nor does he identify any other PACA proceeding that adjudicated his right to earn wages. Third, the plaintiff pleads no facts to demonstrate the Department acted willfully.

Finally, the plaintiff cites seven federal cases, but those cases have nothing to do with entering produce markets or paying PACA reparations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (dismissing allegations under the Sherman Antitrust Act for failure to state a claim); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (same with regards to a *Bivens* claim); *U.S. Dep't of Just. v. Landano*, 508 U.S. 165 (1993) (rejecting the government's presumption that all sources supplying information to the FBI in the course of a criminal investigation are confidential); *United States v. Aiyer*, 33 F.4th 97 (2d Cir. 2022) (affirming conviction of conspiracy to restrain trade in violation of the Sherman Antitrust Act); *Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005) (holding that a false imprisonment that caused the victim to lose employment was an injury to business or property within the meaning of RICO); *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992) (holding that the Bureau of Prisons and Parole Commission violated the Privacy Act when they refused to amend incorrect information in a prisoner's file); *Koam Produce, Inc. v. DiMare Homestead, Inc.*, No. 01-CV-2494, 2001 WL 1590539 (S.D.N.Y. Dec. 13, 2001) (declining to vacate a PACA award on grounds of the Department's alleged conflict of interest).

In short, the plaintiff does not identify any source of federal law that would allow him to sue the Department because Hunts Point safety officers prevented him from entering the market. This Court therefore lacks subject matter jurisdiction.

A district court may also dismiss a case *sua sponte* if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). A cause of action is frivolous when it is "based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted). Because the plaintiff does not state any specific claims and does not identify any federal law that provides him with a cause of action, I find his action to be frivolous.

Finally, a civil action must be filed in the judicial district where a defendant resides or where a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). As explained, the Department does not reside in any state. And the Hunts Point confrontations happened in the Bronx, which is within the jurisdiction of the Southern, not the Eastern, District of New York. Venue is therefore improper. When venue is not proper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because no federal district court has subject matter jurisdiction over the plaintiff's claims, and because I find the claims frivolous, a transfer would not be "in the interest of justice."[2]

---

[2] Indeed, it appears the plaintiff has already filed some of the same claims in the Southern District, which the court dismissed. *See Razzoli v. City of New York*, No. 16-CV-7136, 2022 WL 2066109, at *2 (S.D.N.Y. June 8, 2022) (dismissing the plaintiff's allegations that officers illegally arrested him for trespass in Hunts Point market in 2016).

## CONCLUSION

The plaintiff's PACA appeal is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). All other claims are dismissed for lack of subject matter jurisdiction, improper venue and because they are frivolous. *See id.*; 28 U.S.C. § 1406(a); *Fitzgerald*, 221 F.3d at 363–64. The plaintiff's request for a hearing (ECF No. 5) is denied.

The Clerk of Court is respectfully directed to close this case and enter judgment. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk is also respectfully directed to mail a copy of this Order to the plaintiff at the address he provided and note the mailing on the docket.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       December 19, 2022